IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ROBERT WILLIAM FISCHER, JR.                                                    PETITIONER

v.                                    Case No. 6:14-cv-06127

WENDY KELLEY, Director,                                                         RESPONDENT
Arkansas Department of Correction


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, Robert William Fischer, Jr. ("Fischer"), is incarcerated at the Arkansas Department of Correction, Ouachita River Unit in Malvern, Arkansas. On November 14, 2014, Fischer filed this Petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent was served with a copy of the Petition and has responded to it. ECF No. 8.

Fischer then retained counsel, and his retained counsel filed an Amended Petition[1] for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. ECF No. 13. Respondent filed a response. ECF No. 16. This case was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. Considering these pleadings, the Court now finds as follows:

**1.    Procedural Background:[2]**

On June 2, 2009, a jury sitting in Benton County, Arkansas found Fischer guilty of six counts of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child

---

[1]Because the Amended Petition replaces the original, the Court will hereinafter refer to the Amended Petition as the "Petition." *See, e.g., In re Wireless Tel. Fed. Cost Recover Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005) (recognizing "[i]t is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

[2]The procedural background is taken from the Petition, Response, the attached exhibits, and matters of public record regarding this case.

in violation of Arkansas Code Annotated § 5-27-602 (2001). ECF No. 8-2. On June 2, 2009, a judgment was entered against Fischer sentencing him to 720 months or 60 years imprisonment in the Arkansas Department of Correction. *Id.* Fischer appealed his conviction to the Arkansas Court of Appeals, and that court affirmed his conviction on October 5, 2011. *See Fischer v. State,* 2011 Ark. App. 580, 2011 WL 4585243 (2011). On November 7, 2011, Fischer filed a *pro se* petition for post-conviction relief in circuit court pursuant to Arkansas Rule of Criminal Procedure 37. That Rule 37 petition was denied on December 1, 2011.

Fischer then filed a petition for state *habeas corpus* relief on August 14, 2012 in Hot Springs County Circuit Court. That petition was denied, and Fischer appealed to the Arkansas Supreme Court. On January 30, 2014, the Arkansas Supreme Court entered an order dismissing Fischer's appeal. Fischer filed a second state *habeas corpus* petition in the Hot Springs County Circuit Court on April 15, 2014, and that petition was denied in a written order on September 9, 2014. Finally, Fischer filed a petition "to correct an illegal sentence" in the Benton County Circuit Court on June 26, 2014, and it appears that petition is still pending.

With the current Petition, Fischer makes the following five claims:

a. His trial counsel was ineffective because he failed to move to suppress the fruits of the search of his cell phones and his friend's computer which formed the basis of the counts against him;

b. His counsel was ineffective because he failed to investigate and present testimony by an expert in the field of computer and cell phone technology;

c. His counsel was ineffective because he failed "to call witnesses on Fischer's behalf, the names of whom Fischer had provided him prior to trial";

d. His counsel was ineffective "for failing to seek out and obtain expert assistance to support his motion to suppress the incriminating statements that Fischer gave to the police"; and

      e. His counsel was ineffective "for failing to raise a proper objection under Arkansas Code Annotated § 5-1-110 to the State's conduct in charging and convicting Fischer of five (5) offenses when Fischer's conduct, if he engaged in it at all, was a 'continuing course of conduct' under the statute."

*Id.* at 5-9.

On April 30, 2015, Respondent filed a Response to Fischer's Petition. ECF No. 16. In this response, Respondent does not dispute Fischer's claim that this Petition was timely filed. However, Respondent argues these claims are likely procedurally barred, and all of Fischer's claims should be dismissed because they are meritless. *Id.* Respondent then details how each claim is meritless. *Id.*

**2.** **Discussion**:

    As noted above, Fischer raises five different claims of ineffective assistance of counsel.

    The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

*Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to prevail on an ineffective assistance of counsel claim, under *Strickland*, a movant must show: (1) his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence," and (2) "the deficient performance prejudiced [his] defense." *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009) (quoting *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)). When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d at 680 (quoting *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (citing *Strickland v. Washington*, 466 U.S. at 689)). "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003)(citing *United States v Cronic*, 466 U.S.

648, 658 (1984)).

Under the first prong of the *Strickland* test, the Court must consider counsel's performance objectively and gauge whether it was reasonable "under prevailing professional norms" and "considering all the circumstances." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) (citations omitted). The Court should examine counsel's challenged conduct at the time of his representation of the defendant and avoid making judgments based on hindsight. *See id.* There is typically no basis for finding a denial of effective counsel unless a defendant can show specific errors that "undermined the reliability of the finding of guilt. . . ." *White,* 341 F.3d at 678. If, however, "counsel completely fails to subject the prosecution's case to meaningful adversarial testing, there has been a denial of Sixth Amendment rights making the adversary process presumptively unreliable [and no showing of prejudice is required]." *See id.*

If the Court finds deficient counsel and thus must consider the second prong, prejudice, a defendant must establish "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Prejudice can only be found if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Maynard v. Lockhart*, 981 F.2d 981, 986 (8th Cir. 1992). The Court will now address the five claims of ineffective assistance of counsel Fischer raises.

### A. Failure to File a Motion to Suppress

Fischer claims his trial counsel was ineffective because he failed "to file a motion to suppress the fruits of the search" of his cell phones and his friend's computer. ECF No. 13 at 5-6. Fischer claims the police, using a technology called "F.R.E.D." ("Forensic Recovery of Evidence Device"),

were able to search the hard drive of his friend's computer as well as the deleted files from his cell phones. *Id.* Fischer claims this search was executed without a warrant, and the evidence obtained through this warrantless search should have been excluded. *Id.* Fischer claims his trial counsel was ineffective because he failed to file such a motion to suppress and failed to request the exclusion of this evidence. *Id.*

Upon review of Fischer's claim on this issue, the Court finds it is without merit. At the time of this search, Fischer was on probation for a prior sex offense of sexual indecency with a child and, as a part of his probation, he had agreed to "submit to a search of any property by a probation/parole officer." ECF No. 16-4 at 3 ¶ 6. The warrantless search in this case was initiated by a probation officer. *See* ECF No. 16-2 at 336-337. When consent such as this is given, the standard for a warrantless search is whether the probation officer had "reasonable suspicion" to support the search. *See United States v. Knights,* 534 U.S. 112 (2001) (holding "[w]hen an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable").

In the present action, Fischer's probation officer had received information that Fischer had engaged in illegal contact with children: "There were several accusations made such as the defendant possibly touching a little girl, taking video of girls undressing, and pouring cold water while one was taking a shower, such of that nature." ECF No. 16-2 at 300. This information was sufficient evidence of "reasonable suspicion" that Fischer was engaged in criminal activity to support this warrantless search. *See Alabama v. White,* 496 U.S. 325, 330 (1990) (recognizing "[r]easonable suspicion is a less demanding standard than probable cause not only in the sense that reasonable

suspicion can be established with information that is different in quantity or content than that required to establish probable cause, but also in the sense that reasonable suspicion can arise from information that is less reliable than that required to show probable cause. . . . We there assumed that the unverified tip from the known informant might not have been reliable to establish probable cause, but nevertheless found it sufficiently reliable to justify a *Terry* stop [and reasonable suspicion]").

Thus, because there was not a valid basis for filing a motion to suppress, the Court cannot find Fischer's counsel was ineffective for failing to file such a motion. *See Horne v. Trickey,* 895 F.2d 497, 500 (8th Cir. 1990) (recognizing trial counsel's "decision not to raise an unwinnable issue in Horne's appeal to the Missouri Court of Appeals does not constitute constitutional ineffectiveness").

As a final point, regarding the search of his friend's computer, the Court also notes Fischer has not demonstrated he had constitutional standing to contest this search. *See United States v. Randolph,* 628 F.3d 1022, 1026 (8th Cir. 2011) (holding "[t]o contest the validity of a search, a person must have a reasonable expectation of privacy in the place searched"). Notably, the owner of the computer, his friend, *did in fact consent* to the search of her computer. ECF No. 16-2 at 146. Fischer had no right to object to such search, and the Court cannot find Fischer's counsel was ineffective because he failed to file a motion to suppress on this issue.

### B.     Expert in Computer and Cell Phone Technology

Fischer claims his trial counsel was ineffective because he failed "to investigate and present testimony by an expert in the field of computer and cell phone technology." ECF No. 13 at 6. Specifically, it appears Fischer argues that the videos he took of this minor were "automatically"

deleted. *Id.* Thus, as Fischer claims, because these files were "automatically" deleted, there is an argument that he was not in "possession" of child pornography at the time his cell phones were searched. *Id.* Fischer claims expert testimony on this issue would have bolstered his defense. *Id.*

The Court finds no basis for *habeas* relief on this issue. As an initial matter, any expert testimony on this issue would have been duplicative. Fischer himself testified that he deleted each video *immediately after* he took that video. ECF No. 16-2 at 248. Specifically, Fischer testified as follows:

> Q: Did you ever receive any sort of sexual gratification from these videos?
>
> A: No, sir.
>
> Q: What did you do immediately upon taking the videos?
>
> A: I deleted them. . . .

*Id.* Thus, any expert testimony further explaining *how* the videos were saved or deleted would be unhelpful to the jury because Fischer had already testified he deleted the videos at the time they were taken.

Indeed, it appears the true issue Fischer is raising is the legal issue of whether deleted child pornography was actually in his "possession" at the time he was arrested. Under Arkansas law, to establish "possession," the state courts have followed the Eighth Circuit's standard that an individual must have "ownership, dominion, or control over the [pornographic material] itself, or dominion over the premises in which the [pornographic material] is concealed." *Steele v. State of Arkansas,* 2014 Ark. App. 257, at 6, 434 S.W.3d 424, 429 (2014).

As for the *deleted* content, while it appears there is no Eighth Circuit case directly addressing this issue of whether deleted child pornography is the "possession" of the accused, the Tenth Circuit

has addressed this issue directly. *See United States v. Tucker,* 305 F.3d 1193, 1204-055 (10th Cir. 2008). In *Tucker,* the Tenth Circuit affirmed a conviction where the accused "continued to view child pornography knowing that the pornography was being saved, if only temporarily, on his computer." *Id.* Even though he later "deleted the images from his cache file after each computer session," the Tenth Circuit still found his "possession was voluntary," and he could be convicted for possession. *Id.* Likewise, and consistent with *Tucker,* in this present action, the fact that Fischer deleted these videos after they were taken is irrelevant to the analysis of whether he was in "possession" of them or not. At the time he took the video, he was in possession of that video. Thus, the Court finds no basis for *habeas* relief on this issue.

    **C.**    **Witnesses on Fischer's Behalf**

Fischer claims his trial counsel was ineffective "for failing to call witnesses on Fischer's behalf, the names of whom Fischer had provided him prior to trial." ECF No. 13 at 6. Fischer cites four names and claims these individuals "did not wish to see Fischer prosecuted": "K.L.," "T.L.," Mary Logan, and Shannon Hill. *Id.* Fischer does not provide affidavits or any demonstration as to what their testimony would be, but he claims their testimony would have been supportive of him. *Id.*

For two reasons, the Court cannot find the defense's failure to call these four individuals in support of Fischer was ineffective assistance of counsel. First, he offers no affidavits, or other proof, of what these witnesses's probable testimony would have been. Without any supporting affidavits, Fischer does no more than speculate as to their testimony. The Court will not engage in speculation on this matter, as such speculation does not support *habeas corpus* relief. Absent proof of what these witnesses may have testified about, Fischer cannot show prejudice in this instance. *See*

*Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (holding that appellant who filed a § 2255 motion but produced no affidavit from the witness in question or any other independent support for his claim failed to show prejudice because he offered only speculation that he was prejudiced by his counsel's failure to interview the witness, which was not enough to undermine confidence in the outcome of the trial, as required by *Strickland*), cert. denied, 493 U.S. 898, 110 S. Ct. 252, 107 L. Ed.2d 201 (1989).

Second, it appears these names are the names of the victim, the victim's brother, the victim's mother, and stepfather. Considering the crimes alleged and the impact Fischer's crimes had on these individuals, certainly calling these witnesses was a strategic decision that was well within the bounds of his trial counsel's professional discretion, especially since these individuals would then be open to the prosecution's cross examination. *See Huls v. Lockhart,* 958 F.2d 212, 217 (8th Cir. 1992) (finding trial counsel was not ineffective for failing to call character witnesses because those witnesses would then be open to cross-examination and recognizing "defense counsel's decision not to call character witnesses was strategic and professionally reasonable"). Thus, the Court finds no basis for *habeas* relief on this issue.

### D. Expert in Assessing Fischer's Statements to Police

Fischer claims his trial counsel was ineffective because he failed to "obtain expert assistance to support his motion to suppress the incriminating statements" he gave to the police. ECF No. 13 at 7-8. Specifically, Fischer claims he consumed a number of "sleeping pills" called Metyrosine prior to giving these statements. *Id.* Fischer claims that if his counsel had sought expert testimony as to the impact of these "sleeping pills" on the voluntariness of his statements, his motion to suppress might have been granted. *Id.*

As with Fischer's other claims, the Court finds no basis for *habeas* relief on this issue. As an initial matter, the Court notes the fact Fischer may have taken Metyrosine before giving his statements does not render them involuntary: "Intoxication and fatigue do not automatically render a confession involuntary." *United States v. Casal,* 915 F.2d 1225, 1229 (8th Cir. 1990). Instead, the test is "whether these mental impairments caused the defendant's will to be overborne." *Id.*

Based upon the record before the trial court, this Court finds there was already sufficient evidence for the trial judge to assess whether Fischer's statements were voluntary. Notably, the trial judge had both the testimony of the investigator (Detective Wiseman) and Fischer. Any additional testimony from an expert would have been duplicative or unnecessary in determining whether Fischer's statements were "voluntary" under the legal standard.

Notably, the trial judge determined Detective Wiseman's testimony on this issue of voluntariness was credible while Fischer's testimony was not credible. First, Fischer's testimony regarding his pill usage was inconsistent. While Fischer testified at trial he had taken 10 of these pills prior to giving his statement, in an earlier statement, he stated he had only taken "a sleeping pill." ECF No. 16-2 at 253-254. Second, Detective Wiseman testified Fischer did not appear intoxicated or under the influence of medication when he was interviewed. ECF No. 16-2 at 97. Detective Wiseman testified Fischer understood what he was saying while he was interviewing him. *Id.* at 98-99. Detective Wiseman also testified that toward the end of the interview, Fischer started acting sleepy so he asked him a few more questions and then "discontinued the interview." *Id.*

In short, apart from speculation, Fischer has provided absolutely no evidence that an expert could have been helpful in proving his will was overborne during this interview such that his statements were involuntary. Detective Wiseman testified that as soon as Fischer became sleepy and

less responsive, he wrapped up the interview. Fischer has provided no evidence disputing this, and even his testimony as to the number of sleeping pills he consumed is inconsistent. Based upon this evidence, there is no basis for finding expert testimony would have been beneficial to trial counsel's argument, and there is simply no basis for *habeas* relief on this issue.

### E. "Continuing Course of Conduct"

Fischer claims his trial counsel was ineffective for failing to object that all five of his offenses were a "continuing course of conduct" under Arkansas Code Annotated § 5-1-110 (2009). Fischer claims his conduct "if he engaged in it at all" only "consisted of the taking of five (5)[3] very short videos, during a very short span of time, and all involving the same individual." *Id.* Fischer claims this should amount to a "continuing course of conduct" and not separate counts. *Id.*

The relevant portion of the law provides as follows:

(a) When the same conduct of a defendant may establish the commission of more than one (1) offense, the defendant may be prosecuted for each such offense. However, the defendant may not be convicted of more than one (1) offense if:

. . .

(5) The conduct constitutes an offense defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that a specific period of the course of conduct constitutes a separate offense.

ARK. CODE ANN. § 5-1-110.

In Fischer's case, based upon his briefing, he recognizes each of these were separate videos. Even if they were taken over "a very short span of time" and "all involving the same individual," the applicable law criminalizes each *separate act* involving child pornography:

---

[3] Fischer states there were five videos while the Respondent states there were four videos. Regardless of the number of videos, the *possession or viewing* of each video is a separate count under the statute. *See* Ark. Code Ann. § 5-27-304 (1979).

> (a) With knowledge of the character of the visual or print medium involved, no person shall do any of the following: . . .
>
> (2) Knowingly solicit, receive, purchase, exchange, *possess, view,* distribute, or control any visual or print medium depicting a child participating or engaging in sexually explicit conduct.

ARK. CODE ANN. § 5-27-304 (emphasis added). Thus, based upon this statute, his attorney's request that these offenses be considered "continuing" would have been frivolous or unwinnable. *See Horne,* 895 F.2d at 500. Thus, there is no basis for *habeas* relief on this issue.

**3.    Recommendation**:

Based upon this review, the Court finds none of Fischer's claims entitle him to relief under 28 U.S.C. § 2254. Accordingly, based on the foregoing, it is recommended that the instant Petition be **DENIED** and **DISMISSED** with prejudice.[4] I also recommend any request for a Certificate of Appealability be **DENIED**.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **23rd day of February 2016.**

                                                     /s/ Barry A. Bryant
                                                     HON. BARRY A. BRYANT
                                                     U.S. MAGISTRATE JUDGE

---

[4] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir.1984).