IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ROBERT WILLIAM FISCHER, JR.                                                    PETITIONER

v.                                              No. 6:14-CV-06127

WENDY KELLEY, Director,
Arkansas Department of Correction                                              RESPONDENT

**OPINION AND ORDER**

The Court has received a report and recommendations (Doc. 17) from Chief United States Magistrate Judge Barry A. Bryant, finding that each of the five claims for relief lack merit and recommending that the petition for a writ of habeas corpus be denied, that the case be dismissed with prejudice, and that no certificate of appealability should issue. Petitioner Robert William Fischer, Jr. has filed objections (Doc. 19) to the Magistrate's findings and analysis on each of Petitioner's five claims.

With respect to the objections on the first claim for relief, the Court finds no basis in law or fact to depart from the Magistrate's findings and analysis. Petitioner claims trial counsel was ineffective for failing to move to suppress the searches of Petitioner's cell phone and Petioner's friend's computer. First, Petitioner's objection does not address the Magistrate's correct analysis that Petitioner has no standing to challenge the search of the computer because it was not Petitioner's computer. Second, Petitioner fails to offer any argument that "reasonable suspicion" was not the correct standard for a search under *United States v. Knights*, 534 U.S. 112, 121 (2001). Petitioner simply objects that "even if only reasonable suspicion was required, the information held by the police to support the search did not even rise to that level." (Doc. 19, p. 2). Having conducted de novo review of the record with respect to this issue, the Court agrees with the Magistrate. Regardless of whether the information possessed by the probation officer would give

1

rise to probable cause to obtain a warrant, it was clearly sufficient to establish reasonable suspicion, and therefore justify a search of Petitioner's cell phone while he was serving a suspended sentence with a reduced expectation of privacy in that cell phone. (Doc. 17, pp. 5–6). Because there was no valid basis to file a motion to suppress this evidence, the failure of Petitioner's trial attorney to do so was not ineffective assistance of counsel.

With respect to the objections on the second claim for relief, the Court finds no basis in law or fact to depart from the Magistrate's findings and analysis. Petitioner claims that trial counsel was ineffective for failing to present expert testimony to show that Petitioner's cell phone automatically deleted the videos of child pornography it filmed. Petitioner claims this testimony would bolster his defense that he did not possess child pornography. Petitioner's argument that he did not "possess" child pornography at the time his phone was searched because his phone automatically deleted videos after he made them is without merit, and a failure to present expert testimony to support a meritless position is not ineffective assistance of counsel. Whether or not child pornography was on Petitioner's phone at the time it was searched is not necessarily determinative of guilt, but is a fact question probative of whether Petitioner possessed child pornography at an earlier point in time. That is, that child pornography was deleted by the time the phone was searched does not mean it was not possessed before the phone was searched. At the time of Petitioner's trial, it was clearly established law that "[p]osession of contraband can be proved by constructive possession, which is the control or right to control the contraband." *Polk v. State*, 348 Ark. 446, 452, 73 S.W.3d 609, 613 (Ark. 2002); *accord United States v. Cortez*, 935 F.2d 135, 143 (8th Cir. 1991) ("[P]ossession of contraband is established when a person has ownership, dominion or control over the contraband itself . . . ." (quotation omitted)). This is the principle articulated in the nonbinding, but entirely persuasive, Tenth Circuit precedent cited in

the Magistrate's report and recommendation.  Any argument relying on expert testimony that Petitioner's phone automatically deleted child pornography that was recorded onto it would have been an admission by implication that Petitioner "possessed" the child pornography because in making the decision of whether to retain or delete it, he exercised control over that child pornography.  It was not ineffective assistance for Petitioner's trial counsel to refrain from investigating or presenting expert testimony that would not have bolstered Petitioner's defense, but instead would have conclusively established the fact of Petitioner's guilt.

With respect to the objections on the third claim for relief, the Court finds no basis in law or fact to depart from the Magistrate's findings and analysis.  Petitioner claims that trial counsel was ineffective for failing to call certain witnesses to testify on Petitioner's behalf.  As the Magistrate correctly reasoned, because Petitioner offers no affidavits, or other proof, of what these witnesses' probable testimony would have been, Petitioner cannot show that he was prejudiced by trial counsel's decision not to call those witnesses, and so Petitioner cannot show ineffective assistance of counsel.

With respect to the objections on the fourth claim for relief, the Court finds no basis in law or fact to depart from the Magistrate's findings and analysis.  Petitioner claims that trial counsel was ineffective for failing to present expert testimony on the potentially intoxicating effects of medication Petitioner claims he ingested prior to his interrogation.  Petitioner argues that such testimony would have supported Petitioner's motion to suppress self-incriminating statements because intoxication rendered those statements unknowing and involuntary.  The Court notes that Petitioner has offered no evidence or expert testimony to *this* Court regarding the effects of the medication he claims to have ingested.  Thus, Petitioner does not show he was prejudiced by trial counsel's decision not to present expert testimony.  Furthermore, it is unclear how testimony about

the intoxicating effects of medication would benefit Petitioner when the trial judge did not find his claims about ingesting the medication to be credible in the first place. Because Petitioner offers no evidence that would show that he was prejudiced by trial counsel's decision not to support the motion to suppress with expert testimony, Petitioner cannot show ineffective assistance of counsel.

With respect to the objections on the fifth claim for relief, the Court finds no basis in law or fact to depart from the Magistrate's findings and analysis. Petitioner claims that trial counsel was ineffective because the State charged Petitioner with five separate offenses and trial counsel did not object that Petitioner could only be charged with one count for a continuing course of conduct pursuant to Ark. Code Ann. § 5-1-110(a)(5). The Magistrate correctly noted that in Arkansas, the taking of each video constitutes a separate offense. *See* Ark. Code. Ann. § 5-27-304. The possession of each individual depiction of child pornography is separately punishable. In order for Ark. Code Ann. § 5-1-110(a)(5) to apply, "the conduct must be *defined* as a continuing course of conduct crime." *Smith v. State*, 296 Ark. 451, 454, 757 S.W.2d 554, 555-56 (Ark. 1988) (emphasis in original). Although Petitioner's argument might have some merit if the five separate charges were for an act of continuous possession of the same image for a period of five days, there is no merit to the argument that possession of five separate depictions of child pornography constitutes one single crime, and trial counsel was not ineffective for deciding not to make this argument.

Upon due consideration, the Court finds that Petitioner's objections offer neither law nor fact requiring departure from the Magistrate's findings and recommendations, that the Magistrate's report does not otherwise contain any clear error, and that the Magistrate's report should be, and hereby is, ADOPTED IN ITS ENTIRETY.

IT IS THEREFORE ORDERED that Petitioner Robert William Fischer, Jr.'s petition for

a writ of habeas corpus is DENIED and this case is DISMISSED WITH PREJUDICE.

    IT IS FURTHER ORDERED that no certificate of appealability be issued.

    Judgment will be entered accordingly.

    IT IS SO ORDERED this 19th day of July, 2016.

                                            /s/ P. K. Holmes, III
                                            P.K. HOLMES, III
                                            CHIEF U.S. DISTRICT JUDGE